IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-30063 |
| ) | |
| TYLER RIGG, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

Defendant Tyler Rigg has sent a letter to the Court requesting assistance to determine if he is eligible for relief pursuant to the "Johnson" ruling.  The Defendant pled guilty to unlawful transport of firearms in violation of 18 U.S.C. § 922.  The Defendant was sentenced to serve 120 months imprisonment.  Judgment was entered on June 13, 2011.  The Defendant did not file a notice of appeal.

The United States Supreme Court recently held that the imposition of an enhanced sentence under the residual clause of the Armed Career Criminal Act ("ACCA") is a due process violation because the clause is too

vague to provide adequate notice.  See Johnson v. United States, 135 S. Ct. 2551, 2557 (2015).  Because the Defendant has not filed a previous Motion under Title 28, U.S. Code, Section 2255, the procedures of Price v. United States, 795 F.3d 731 (7th Cir. Aug. 4, 2015) and Administrative Order 15-MC-1016 are not directly implicated.

The relevant portion of the ACCA defines "violent felony" as "burglary, arson, or extortion, involves uses of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).  The Court has reviewed the record in the Defendant's case and determined that he was not sentenced under the residual clause of the ACCA.  The Defendant's status as an armed career criminal is based on three prior convictions for residential burglary, see Doc. No. 18 ¶ 25,  which is one of the offenses listed in the statute. Accordingly, there is no due process issue for lack of adequate notice.

The Defendant also cites "Descamps."  In Descamps v. United States, 133 S. Ct. 2276 (2013), the United States Supreme Court addressed whether courts should use the "categorical approach" or "modified

categorical approach" in determining whether a defendant's sentence may be enhanced pursuant to three prior convictions "for a violent felony" pursuant to the ACCA. See id. at 2281. The Court held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." Id. at 2282.

Because the Supreme Court has not made Descamps retroactive to cases on collateral review, see Groves v. United States, 755 F.3d 588, 593 (7th Cir. 2014), the Court concludes that Defendant is not eligible for relief under § 2255.

<u>Ergo</u>, the Defendant's Motion for Relief pursuant to the Johnson decision [d/e 20] is DENIED.

The Defendant's Motion for the Appointment of Counsel [d/e 20] is also DENIED.

ENTER: October 8, 2015

    FOR THE COURT:

                              s/Richard Mills
                              Richard Mills
                              United States District Judge